# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TERRY LEWIS BENFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-CV-150-SNLJ |
| | ) | |
| CORRECTIONAL MEDICAL SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Terry Lewis Benford (registration no. 187948) for leave to commence this action without payment of the required filing fee.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $104.04, and an average monthly balance of $158.89. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $31.78, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a

claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff, an inmate at the Northeast Correctional Center, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are the Malden Police Department, Durren Dixon (Police Officer), Jarrett Bullock (Chief of Police), Dunklin County Justice Center Medical Department, Rod Hargrove (Chief Jail Administrator of the Dunklin County Justice Center), Billy Hopper (Sergeant), Willie Moore (Correctional Officer), and Correctional Medical Service.

In paragraphs one through thirty of the complaint, plaintiff asserts claims against defendants Malden Police Department, Durren Dixon, and Jarrett Bullock, arising out of his arrest on November 7, 2009. Plaintiff claims that after Officer Dixon handcuffed him and assaulted him several times, resulting in serious head injuries.

In paragraphs thirty-one through sixty-eight of the complaint, plaintiff asserts claims against defendants Dunklin County Justice Center Medical Department, Rod Hargrove, Billy Hopper, Willie Moore, and Correctional Medical Service, arising out of plaintiff's incarceration at the Dunklin County Justice Center, following his arrest on November 12, 2009.

## Discussion

1. <u>Permissive Joinder</u>

The complaint contains sixty-eight paragraphs and names eight defendants. At issue is whether the defendants are properly joined in the instant lawsuit. See <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (district court should question joinder of defendants and claims in prisoner cases). The Court holds that they are not.

Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."

The allegations in paragraphs one through thirty of the complaint do not pertain to the same defendants or arise out of the same series of transactions and occurrences as those in counts thirty-one through sixty-eight of the complaint. As a result, defendants are not properly joined under Rule 20(a)(2).

Because plaintiff's allegations first address claims against Malden Police Department, Durren Dixon, and Jarrett Bullock, and because defendants are not properly joined under Rule 20(a)(2), the Court will dismiss this action without prejudice as to defendants Dunklin County Justice Center Medical Department, Rod Hargrove, Billy Hopper, Willie Moore, and Correctional Medical Service. If plaintiff wishes to bring claims against these persons and entities that are the subject of his claims in paragraphs thirty-one through sixty-eight, he must file a separate complaint against them, in compliance with the Federal Rules of Civil Procedure.

2. 28 U.S.C. § 1915(e)(2)(B)

Having carefully reviewed plaintiff's claims relative to his November 7 arrest, as set forth in paragraphs one through thirty, the Court concludes that this action should be dismissed as legally frivolous. Police departments, such as the Malden Police Department, are not suable entities under § 1983. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992); see also De La Garza v. Kandiyohi County Jail, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983; local governments can be liable under § 1983 only if injury stems from official policy or custom).

Moreover, the Court notes that plaintiff is bringing this action against the two individual police officers in their official capacities. See Egerdahl v. Hibbing

Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $31.78 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon

it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that defendants Dunklin County Justice Center Medical Department, Rod Hargrove, Billy Hopper, Willie Moore, and Correctional Medical Service are **DISMISSED** without prejudice, because they are not properly joined in this action under Rule 20(a)(2) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, as to defendants Malden Police Department, Durren Dixon, and Jarrett Bullock, the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #5] is **DENIED** as moot.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of November, 2010.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE